IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES C. WILLIAMS,<br><br>　　Petitioner<br>vs.<br><br>THOMAS LILLARD<br><br>　　Respondent | )<br>)<br>)<br>)<br>)  Case No. 25-1125-DWD<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter comes before the Court on preliminary review of Petitioner James C. Williams' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). As it plainly appears from the petition and attached exhibits (Docs. 1.2, 1.3) that Williams is not entitled to relief, the Court hereby **DISMISSES** his petition with prejudice.

Williams is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois, with an anticipated release date of March 17, 2026. Williams alleges that his "halfway house release date [was given] and approved and [taken] back." (Doc. 1, pg. 2). Specifically, Williams alleges that he was scheduled to be transferred to a halfway house on March 18, 2025. But on January 22, 2025, he was told he would not be moved because the halfway house was full. (Doc. 1, pg. 6).[1] He asks the Court to reinstate his halfway house placement date.

---

[1] Exhibits attached to the petition indicate that Williams is currently scheduled for placement in a halfway house (or residential reentry center) on January 14, 2026. (Doc. 1.2, pg. 3).

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in this case, the Court concludes that Williams is not entitled to relief, and this action must be dismissed.

A § 2241 petition for a writ of habeas corpus is the proper vehicle for challenging the fact or duration of confinement, or for seeking an immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). "Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody." *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir. 1995). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). "Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then 'his challenge can only concern the conditions of his confinement, not the fact of his confinement. As such, he

may not proceed with a habeas petition.'" *Stokes v. Cross,* No. 13-998, 2014 WL 503934, at *2 (S.D. Ill. Feb. 2014) (citing *Glaus v. Anderson,* 408 F.3d 382, 388 (7th Cir. 2005)).

In his § 2241 petition, Williams does not challenge the fact or duration of his confinement, and he does he seek quicker or immediate release. Instead, Williams argues that he is entitled to placement in a different location – a halfway house. He asks the Court to order the Bureau of Prisons to reinstate his previously scheduled halfway house placement.

The Court does not have jurisdiction to entertain such a request. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP then has "plenary control" over placement of the inmate, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). This includes the decision whether to house an inmate in a prison or in home confinement, 18 U.S.C. § 3624(c)(2), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment, although it may recommend a different placement).

Ultimately, Williams's claims are not cognizable under a § 2241 petition. First, his claims concern the location, program, or environment of his incarceration—which fall under "conditions of confinement" and are excluded from habeas relief. Second,

Williams's allegations regarding his placement in a halfway house are administrative matters reserved by law to the Bureau of Prisons. The Attorney General, not the Court, has been granted the authority to manage federal correctional institutions, and that authority has been delegated to the Bureau of Prisons. *See* 18 U.S.C. § 4001; 28 C.F.R. 0.96 BOP Program Statement 5100.08. *See also, Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) (a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request.).

Because the Court finds that Williams's claims are not cognizable in a habeas corpus proceeding and would fail even if they were pursued in an appropriate action, the Court will dismiss the Petition with prejudice.

## CONCLUSION

As it plainly appears from Williams's § 2241 petition for writ of habeas corpus and attached exhibits that he is not entitled to relief, the Court **DISMISSES** the habeas petition, (Doc. 1), with prejudice, **DENIES** all other pending motions as moot, and **DIRECTS** the Clerk of Court to enter judgment.

**SO ORDERED.**

Dated: June 27, 2025

DAVID W. DUGAN
United States District Judge